

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-10-00455-CV

IN RE EOG RESOURCES, INC.

—————————

Original Proceeding

## MEMORANDUM OPINION

EOG Resources, Inc. filed a petition for a writ of mandamus seeking protection from discovery requests that it contends are overly broad and unduly burdensome. The underlying action arose when a trailer placed on a well site in Johnson County shifted during a severe storm. Eric Woodward, the plaintiff in the underlying action, was inside the trailer and sustained severe injuries. Woodward filed suit against multiple parties, including EOG, for several causes of action including negligence, negligence *per se*, premises liability, and gross negligence as to EOG. Woodward seeks compensatory and punitive damages.

Woodward served discovery requests upon EOG. EOG responded to the discovery requests, and objected that they were overly broad and unduly burdensome,

in addition to other objections. Woodward filed a motion to compel EOG to fully respond to the requests. The trial court granted the motion in part, but limited the production requested to all of EOG's well sites in the United States for the five years preceding the date of the accident as to certain requests. Because we find that the trial court abused its discretion, we will conditionally grant the writ in part and deny in part.

EOG complains that the interrogatories and requests for production are still overly broad. The disputed interrogatories as propounded sought all information about communications, conversations, policies, use, and installation of trailers, with various descriptions, in any geographic region where EOG does business for a period of ten years or more. EOG is a multinational corporation with operations in eleven states in the United States, as well as Canada, China, Trinidad and Tobago, and the United Kingdom. The disputed requests for production as propounded sought all documents relating to the specific trailer in which Woodward was injured as well as all documents relating to "portable offices and sleeping quarters," "any other trailer leased by EOG for use as temporary offices and living quarters," "temporary trailers used as dwellings and temporary offices at EOG drilling sites," "trailers," and "substantially similar trailers at its drilling sites."

### Availability of Mandamus Relief

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding). Although the scope of discovery generally is "within the trial court's discretion, the trial court must make an effort to impose reasonable discovery limits."

*Id.* (quoting *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding)). A trial court abuses its discretion if it orders discovery exceeding the scope permitted by the rules. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding).

*Waiver*

Woodward argues that EOG failed to preserve their objections by failing to provide details regarding why the discovery requests at issue were burdensome. But EOG objected to Woodward's requests as overly broad and irrelevant. Overly broad requests for irrelevant information are improper whether they are burdensome or not, so the defendants were not required to detail what they might encompass. *See In re Allstate County Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding); *In re CSX Corp.*, 124 S.W.3d at 153; *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999) (orig. proceeding).

We do, however, agree that evidence was required for EOG to preserve its objections regarding burdensomeness, which it failed to do. Therefore, we will address only whether the interrogatories and requests for production were overly broad or irrelevant.

*Overly Broad Requests*

"Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." *In re CSX Corp.*, 124 S.W.3d at 149. We must determine whether or not the trial court's ruling

limiting Woodward's requests as propounded is still overbroad as to time, location, and scope, and could have easily been more narrowly tailored to the dispute at hand. *See In re CSX Corp.*, 124 S.W.3d at 153 ("A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information . . . .").

We find that the trial court could have tailored the interrogatories and requests for production more narrowly than it did, and that its failure to do so constituted an abuse of discretion. While the trial court appropriately limited the length of time for production, the breadth of the required production as to geographical location and the type of structures involved is overly broad. Therefore, we sustain EOG's complaints as to interrogatories numbers 4, 7, 13, 15, 18, and 19. We sustain EOG's complaints as to production requests numbers 3, 4, 5, 6, 7, 8, 21, 22, and 36.

*Other Requests*

EOG further complains that the trial court abused its discretion by overruling objections to two requests for production because they do not specifically state what documents Woodward is seeking. The first seeks "all Documents on which you will rely to support any defense you assert in this case." The second seeks "all Documents relating to the damages claimed by Plaintiffs in this case." The Rules of Civil Procedure require a party seeking production of documents or other discovery to "specify the items to be produced or inspected, either by individual item or by category, and describe with reasonable particularity each item and category." TEX. R. CIV. P. 196.1(b). Our inquiry for determining whether a request is overly broad includes a determination

of whether or not the request could have easily been drawn more narrowly. *See In re CSX Corp.*, 124 S.W.3d at 153. We find that the first request is overly broad under that standard as it does not adequately specify what items or categories of items it seeks with reasonable particularity. Instead, it seeks the production of any document that might be considered to be used during the trial for any defenses that ultimately might or might not be asserted to whatever causes of action or trial strategies Woodward chooses to pursue at trial. Additionally, we find that the second request is also overly broad in that it seeks production of documents without specifying to what damages it refers. Woodward is seeking compensatory and punitive damages. We find that both of these requests could have been more narrowly tailored. We sustain EOG's issue as to requests for production number 24 and 26.

EOG complains that the trial court abused its discretion by overruling its objection to a request for production that sought "all Documents and other tangible items which you feel support and may support the contention that Trailer 450 was not unreasonably dangerous to its occupants…." The basis of EOG's complaint in this mandamus proceeding is that the request seeks documents to establish a negative, which is impossible. However, EOG did not make this argument to the trial court in its objections to request for production number 19. Therefore, the argument EOG made is waived. TEX. R. CIV. P. 192.3(e). We overrule EOG's complaint regarding request for production number 19.

*Conclusion*

We find that the trial court abused its discretion as described above. However, we hold that EOG waived its objection to request for production 19. We conditionally grant the petition for writ of mandamus in part and deny the petition in part. We are confident the trial court will vacate its order compelling the responses to the interrogatories and requests for production of documents above and proceed in compliance with this opinion. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion. Woodward's motion for sanctions is denied. The stay of proceedings in the trial court is lifted.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition Conditionally Granted in Part, Denied in Part
Opinion delivered and filed February 9, 2011
OT06